IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR LEVELL ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0992 |
| | § | |
| OFFICER D. ORDAZ, ET.AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Victor Levell Robinson filed this *pro se* civil rights lawsuit against two prison correctional officers for their alleged theft of his magazines from the prison mail room. Robinson alleged that the defendants stole his magazines in retaliation for his filing grievances against them, and that he is entitled to monetary compensation. Defendants filed a motion for summary judgment. After plaintiff failed to respond to the motion, the Court dismissed this lawsuit for want of prosecution.

Pending before the Court is plaintiff's motion for new trial (Docket Entry No. 37), which includes his response to the motion for summary judgment. For the reasons shown below, the motion for new trial is DENIED.

*Analysis*

In their motion for summary judgment, defendants argued that plaintiff failed to state a valid claim under section 1983 and, in the alternative, that they were entitled to immunity.

In his motion for new trial, plaintiff argues that he alleged facts sufficient to state and prove cognizable claims for retaliation and for loss of his magazines, and that defendants are not entitled to summary judgment.

Plaintiff does not present a valid constitutional claim for his deprivation of property. As long as the state provides for a meaningful post-deprivation remedy, no constitutional violation occurs when a state employee negligently or intentionally deprives a prisoner of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Constitutional due process is satisfied in the instant case because the Texas tort of conversion provided plaintiff with an adequate post-deprivation remedy. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). Accordingly, plaintiff's claims for theft of his magazines are not actionable under 28 U.S.C. § 1983, and a new trial is unwarranted.

Nor does plaintiff establish a viable claim for retaliation. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident – here, the theft of magazines – would not have occurred. This places a significant burden on the inmate, and mere conclusory allegations of retaliation will not suffice. The inmate must produce direct evidence of motivation or, the more probable scenario, set forth a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

In his motion for new trial, plaintiff asserts only that his retaliation claim was sufficient because he alleged that the defendants took his magazines without just cause. Plaintiff produces neither direct evidence of motivation nor a chronology of events from which retaliation may be plausibly inferred, and his conclusory allegations of retaliation fail to establish that, but for a retaliatory motive, the defendants would not have stolen his magazines. A new trial is unwarranted.

*Conclusion*

Plaintiff's motion for new trial (Docket Entry No. 37) is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on October 13, 2010.

                                        Gray H. Miller
                              United States District Judge